UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARTFORD FIRE INSURANCE COMPANY,

                Plaintiff,

v.

QUEENS COUNTY CARTING, INC. and QCC MAINTENANCE, INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2022

20 CV 01844 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Hartford Fire Insurance Company ("Plaintiff") brings this action against Queens County Carting, Inc. ("QCC") and QCC Maintenance, Inc. ("QCC Maintenance" together, "Defendants") alleging claims for breach of contract, accounts stated, and unjust enrichment after Defendants failed to pay premiums owed under workers compensation insurance policies. (ECF No. 5.) After Defendants failed to answer the Complaint, the Clerk of Court entered certificates of default on April 28, 2020. (ECF Nos. 16 & 17.) On July 19, 2021, QCC filed a motion to vacate the entry of default. (ECF No. 34.) On January 27, 2022, this Court issued an opinion and order denying QCC's motion. (ECF No. 35.) The Court then ordered the Defendants to show cause on March 17, 2022. (ECF Nos. 36 & 39.) During the hearing, the Court ordered the parties to file briefs discussing the issue of damages by April 1, 2022. On April 1, 2022, Plaintiff filed a supplemental brief. (ECF No. 40.)

## BACKGROUND

      The Court assumes familiarity with the facts and allegations in this case, as well as the full procedural background of this case. *See Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc.*, No. 20 CV 01844 (NSR), 2022 WL 254367 (S.D.N.Y. Jan. 27, 2022).

1

**LEGAL STANDARD**

"A default judgment that is entered on the well-pleaded allegations in a complaint establishes a defendant's liability. . . and the sole issue that remains before the court is whether the plaintiff can show, with 'reasonable certainty,' entitlement to the amount of damages [he or she] seeks." *Trinity Biotech, Inc. v. Reidy*, 665 F. Supp. 2d 377, 380 (S.D.N.Y. 2009) (citations omitted). Rule 54(c) of the Federal Rules of Civil Procedure requires that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. Proc. 54(c). But Rule 54 "does not require plaintiff to have demanded a sum certain in order to recover on default." *Jordonne v. Ole Bar & Grill, Inc.*, No. 13 Civ. 1573 (VB)(JCM), 2016 WL 3409088, at *5 (S.D.N.Y. Apr. 26, 2016), *report and recommendation adopted,* 2016 WL 3360524 (S.D.N.Y. June 16, 2016). "When assessing damages, a court cannot rely on the plaintiff's statement of the damages; rather, damages must be established 'with reasonable certainty.'" *Negrin v. Kalina*, No. 09 Civ. 6234(LGS)(KNF), 2013 WL 6671688, at *4 (S.D.N.Y. Dec. 17, 2013), *report and recommendation adopted*, 2014 WL 67231 (S.D.N.Y. Jan. 7, 2014). "State substantive law governs the issue of damages in a case over which a federal court exercises diversity jurisdiction." *Id*. Accordingly, in this diversity case, the Court applies New York law in deciding the issue of damages.

**DISCUSSION**

Plaintiff's supplemental brief focuses only on its cause of action for account stated and seeks an award of damages against QCC in the amount of $209,889.00, and against QCC Maintenance in the amount of $286,679.40. (Plaintiff Hartford Fire Insurance Company's Supplemental Memorandum of Law in Support of Motion for Entry of Default Judgment ("Supplemental Mem.") ECF No. 40 at 7-8.) To assert an account stated claim under New York

law, "a plaintiff must demonstrate the existence of 'a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due.'" *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13-cv-5418(RJS), 2015 WL 9460565, at *6 (S.D.N.Y. Dec. 23, 2015) (quoting *White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006)). Plaintiff seeks damages for the amounts owed by Defendants for additional insurance premiums. (Supplemental Mem. at 7.)

The evidence Plaintiff provides supports the damages it seeks. Plaintiff has submitted the Supplemental Declaration of Michele Moran that includes the final audits that set forth the total gross premiums owed by both QCC and QCC Maintenance, as well as the final bills issued to each that represent the adjusted premium amounts owed. (Supplemental Declaration of Michele Moran in Support of Plaintiff's Motion for Entry of Default Judgment ("Moran Decl.") ECF No. 40 at Ex. B & D.) These documents adequately demonstrate that Plaintiff is entitled to damages in the amount of $209,889.00 against QCC and $286,679.40 against QCC Maintenance. As the amount of damages for Plaintiff's claims are sum certain, a hearing is not necessary. *Am. Empire Surplus Lines Ins. Co. v. JJSL Dev., Inc.*, No. 14-CV-5353 (ENV)(PK), 2017 WL 1063439, at *4 n.3 (E.D.N.Y. Mar. 21, 2017) ("it is clear from the pleadings that the plaintiff sued on this sum certain and that further inquest is unnecessary").

**CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Queens County Carting, Inc. in the amount of $209,889.00, and against QCC Maintenance, Inc. in the amount of $286,679.40, and to deem this action closed.

Dated: April 5, 2022  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge